IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY ADAMS, | ) |
| Plaintiff, | ) |
| vs. | ) 2:20-CV-00217-RJC |
| DOUG REED, DAVID J. MILLER, doing business as D&F LUMBER & LOGGING, FREEMAN MILLER, doing business as D&F LUMBER & LOGGING, | ) |
| Defendants. | ) |

## **OPINION**

Robert J. Colville, United States District Judge

Presently before the Court is Defendants' motion to dismiss this action as moot. For the reasons stated herein, said motion will be granted.

This action was initiated on February 12, 2020, by Plaintiffs Nancy Adams and Doug Reed, who reside on a 150 acre-farm at 4165 Pike Road, Punxsatawney, Pennsylvania, Compl. ¶¶ 1, 6. Plaintiffs allege that the sawmills owned by Defendants caused on-going air, noise and water pollution on Plaintiffs' adjoining farm. Compl. ¶¶ 10, 13, 14. Defendants are David J. Miller and Freeman Miller, d/b/a D&F Lumber & Logging. Plaintiff seeks civil penalties for violations of various environmental laws, and injunctive relief requiring defendant to cease operations of its sawmills and to remove buried wood waste from the property.

At the conclusion of discovery, Defendants filed a motion for summary judgment on August 12, 2021, which is pending. In that motion, Defendants argue that the identical factual allegations needed to prove the federal claim were decided against Plaintiffs in a state court

1

decision, upheld by the Pennsylvania Superior Court on January 15, 2021, and thus, Plaintiffs' claims are barred by collateral estoppel.

The grounds for the motion to dismiss are as follows. On August 13, 2021, Defendants entered into a Purchase Agreement for the sale of the entire facility and its property to MSB Land Management, LLC ("MSB").  The purchase agreement is attached to Defendants' motion as Exhibit A, and shows Defendants are no longer the owners of the sawmills or the subject property.  In addition, on March 18, 2021, the Pennsylvania Department of Environmental Protection reviewed Defendant's request to terminate their NPDES permit, and the request was granted effective April 19, 2021.  *See* Defendants' Exhibit 4, ECF No. 40-4.  Therefore, Defendants assert this action should be dismissed as moot.

Plaintiffs attach to their response brief a copy of the deed of conveyance for the subject parcels recorded October 14, 2021, which show that the buyer paid $165,000 for this transaction. (ECF No. 39 at 8-13).

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action,* 678 F.3d 235, 243 (3d Cir. 2012). In evaluating a challenge to subject matter jurisdiction under Rule 12(b)(1), a court first must determine whether the movant presents a facial or a factual attack. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The distinction is important because it determines how the court must review the complaint. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis,* 824 F.3d at 346 (citation omitted). A factual challenge "attacks the factual allegations underlying

the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (citation omitted) (alteration in original).  Here, Defendants argue that their motion sets forth a factual challenge; the plaintiffs do not dispute this and the Court agrees that this is a factual challenge.

Under Article III of the United States Constitution, federal court jurisdiction extends only to "cases" and "controversies." U.S. Const. art. III, § 2; *see Susan B. Anthony v. Driehaus*, 134 S. Ct. 2334, 2341 (2014); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997); *N.J. Turnpike Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985). "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already*, 568 U.S. at 90. This "case or controversy" requirement encompasses, inter alia, the mootness doctrine. *See Friends of the Earth*, 528 U.S. at 180; *Arizonans for Official English*, 520 U.S. at 64, 67; *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

Under the mootness doctrine, "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English*, 520 U.S. at 67 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see Already*, 568 U.S. at 90-91. An actual controversy does not exist, rendering a case moot, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *N.J. Turnpike Auth.*, 772 F.2d at 31. A live controversy exists "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307-08 (2012) (quoting *Ellis v. Ry. Clerks*, 466 U.S. 435,

442 (1984)). But "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996).

However, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *see Already*, 568 U.S. at 91, 133 S.Ct. 721 ("[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued."); *Knox*, 567 U.S. at 307, 132 S.Ct. 2277; *Friends of the Earth*, 528 U.S. at 174, 189, 120 S.Ct. 693; *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 288, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). This exception to the mootness doctrine exists because, in its absence, "a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Already*, 568 U.S. at 91, 133 S.Ct. 721; *see Knox,* 567 U.S. at 307, 132 S.Ct. 2277; *Friends of the Earth*, 528 U.S. at 189, 120 S.Ct. 693; *see also Aladdin's Castle*, 455 U.S. at 289, 102 S.Ct. 1070.

The Supreme Court has announced the following standard for determining whether a case is moot due to the defendant's voluntary conduct: "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189, 120 S.Ct. 693 (quoting *United States v. Concentrated Phosphate Exp. Assoc.,* 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968)); *see W.T. Grant Co.*, 345 U.S. at 633, 73 S.Ct. 894; *N.J. Turnpike Auth.*, 772 F.2d at 31. The burden on the defendant in this circumstance "is a heavy one." *W.T. Grant Co.*, 345 U.S. at 633,

73 S.Ct. 894; *see Already*, 568 U.S. at 91, 133 S.Ct. 721 (describing the "formidable burden" on a defendant to show that the wrongful behavior will not recur).

Here, there is no longer a controversy that needs adjudication and Defendants have met their burden. The controversy was mooted by the intervening sale of the property by Defendants to MSB. Plaintiffs have made very limited arguments in opposition. First, Plaintiffs question whether there remains an active permit for the site of the property and whether the buyer is unrelated to Defendants. In response, both Freeman Miller and David J. Miller have attested to the fact that the conveyance of the property was an arm's length transaction, they have never had nor currently have any interest in MSB, they are not operating at the site, and the site is not an active site as the permit issued by the Pennsylvania DEP for operation expired last year. (ECF Nos. 40-2, 40-3, 40-4). Second, in Plaintiffs' response brief, they take issue with the fact that the deed conveys two parcels to MSB, rather than three, whereas the purchase agreement mentions three parcels. Plaintiff views this as evidence that Defendants retained ownership in one of the three parcels subject of this action. However, Defendants explain they previously conveyed a third parcel to John Gould, which was referenced in the purchase agreement. Defendants have attached to their reply an affidavit of Gould, in which he attests that he conveyed this parcel to MSB at or near the time of the conveyance by the Millers, this was an arm's length transaction, and that he has no interest in either of the other parties to that transaction and he is unrelated to any of them. (ECF No. 40-1).

There is simply no live controversy regarding this matter insofar as Defendants no longer own the subject property nor hold a permit which would allow them to continue operations which were the basis of Plaintiffs' complaint. There is no continuing conduct for this Court to enjoin or declare illegal and any claims for declaratory and injunctive relief are moot.

Accordingly, Defendants' motion to dismiss on the grounds of lack of subject matter jurisdiction will be granted. As separate order follows.

        BY THE COURT:

        s/ *Robert J. Colville*
        Robert J. Colville
        United States District Judge

Dated: March 9, 2022
cc: all counsel of record